```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

| | |
|---|---|
| GONE TO THE BEACH, LLC, f/k/a ) | |
| INVESTIGATION TECHNOLOGIES, ) | |
| LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 05-2715 Ml/An |
| ) | |
| CHOICEPOINT SERVICES, INC. ) | |
| and RAPSHEETS ACQUISITION ) | |
| CORPORATION, ) | |
| ) | |
|     Defendants. ) | |

_____

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**
_____

Before the Court is Defendants' Motion to Dismiss, filed November 7, 2005. Plaintiff responded on December 16, 2005. For the following reasons, the Court DENIES Defendants' motion.

**I. Background**

This case arises out of an asset purchase agreement ("the Agreement") between Plaintiff, Gone to the Beach, LLC, and Defendants Choicepoint Services, Inc. and its wholly owned subsidiary, Rapsheets Acquisition Corporation. The parties entered into the Agreement on March 31, 2004, whereby Plaintiff sold substantially all of the assets used in the conduct of its business to Defendants. (Compl. Ex. A.) According to the Agreement, Plaintiff was to receive $20,400,000 as a base price

1

and an earnout payment not to exceed $15,000,000 based on the business' financial performance in 2004.  Defendants agreed to operate the business for the remainder of 2004 "in the ordinary course consistent with [Plaintiff's] past practice."  (<u>Id.</u> at ¶ 2.6(d)(ix).)

On June 10, 2005, Defendants notified Plaintiff that the earnout payment would be only $27,858.  (Mem. Pl. Opp'n Defs.' Mot. Dismiss 2.)  Plaintiff contends that Defendants did not operate the business in accordance with the Agreement, and thereby diminished the value of the earnout payment. Specifically, Plaintiff maintains that Defendants breached certain covenants in the Agreement (Compl. ¶ 9) and did not "operate the Business in the ordinary course consistent with Plaintiff's past practices . . ." (<u>Id.</u> at ¶ 11).  The Agreement specifies that "[a]ny controversy, claim, or question of interpretation in dispute . . . arising out of or relating to this Agreement" must be settled by arbitration in Atlanta, Georgia.  (Compl. Ex. A ¶ 9.13(a).)  The Agreement further provides that if any calculations related to the earnout payment are disputed, they must be resolved by an audit firm in Birmingham, Alabama.  (<u>Id.</u> at ¶¶ 2.4(d), 2.6(c).)

Plaintiff views Defendants' alleged failure to abide by the terms of the Agreement as a matter of contract interpretation. Accordingly, on August 30, 2005, Plaintiff made a demand for

arbitration in Atlanta, Georgia, and identified an arbitrator. (Compl. Ex. D.)  According to Plaintiff, Defendants objected to arbitration, stating that they were only amenable to having an arbitrator determine whether the issues raised by Plaintiff were in fact arbitrable.  (Compl. ¶ 21.)  Apparently, Defendants contend that the only dispute between the parties concerns the amount of the earnout payment, and therefore, this is an accounting matter that should be resolved by the audit firm in Birmingham, rather than by arbitration.  (Mem. Support Mot. Dismiss 2-3.)

Plaintiff filed the instant complaint on September 29, 2005. Plaintiff seeks a declaratory judgment as to the arbitrability of the issues in this case.  Defendants bring this motion to dismiss under both Fed. R. Civ. P. 12(b)(3) and Fed. R. Civ. P. 12(b)(6), asserting that venue is improper and that Plaintiff has failed to state a claim upon which relief may be granted.[1]  Both parties agree that this matter should either go to arbitration in Atlanta or to the audit firm in Birmingham.  However, Defendants contend that only a court in the district where arbitration is to occur has the authority to make rulings in connection with arbitration, and therefore, the United States District Court for the Northern District of Georgia is the appropriate forum for a determination

---

[1] Defendants do not raise separate arguments in connection with their 12(b)(3) and 12(b)(6) motions, and contend that Plaintiff's complaint should be dismissed on either ground.

of arbitrability.  Plaintiff, on the other hand, contends that because it is not seeking an order compelling arbitration, but merely a determination that these matters are arbitrable, this Court properly has jurisdiction.[2]

## II. Standard of Review

### A.   12(b)(3) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss the plaintiff's complaint "for improper venue."  Fed. R. Civ. P. 12(b)(3).  On a 12(b)(3) motion to dismiss, "the plaintiff bears the burden of proving that venue is proper.  The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff."  Audi AG & Volkswagen of America, Inc. v. Izumi, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002)(citations omitted).  If the court finds that venue is

---

[2] The Court notes that there is some language in the complaint that might suggest that Plaintiff seeks to compel arbitration, rather than merely a declaration of arbitrability. Specifically, in the Prayer for Relief, Plaintiff requests that "this Court declare that the issues . . . should be referred to arbitration in Atlanta, Georgia." (Compl. 8 (emphasis added).) In contrast, the first page of the complaint states that Plaintiff is "seeking a determination of the arbitrability of certain disputed issues . . . ." (Id. at 1.)  Plaintiff's contentions in its opposition to the motion to dismiss help to clarify Plaintiff's intent.  Plaintiff alleges that it is "simply ask[ing] the Court to interpret the Agreement and declare which forum is appropriate[,]" either the AAA in Atlanta or PricewaterhouseCoopers in Birmingham.  (Mem. Pl. Opp'n Defs' Mot. Dismiss Compl. 9.)  On this basis, the Court construes Plaintiff's complaint as seeking a determination of arbitrability and not an order to compel arbitration.

4

improper, the case may be dismissed or transferred to the district in which it could have been brought. 28 U.S.C. § 1406(a). "[W]hether to dismiss or transfer is within the district court's sound discretion . . . ." First of Mich. Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998).

**B.   12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must treat all well-pleaded allegations of the complaint as true. Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). Furthermore, the court must construe all of the allegations in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint [under Rule 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**III. Law and Analysis**

The issue before the Court is whether Plaintiff has brought suit in the correct forum. Defendants claim that "a federal district court has no power to make rulings in connection with an arbitration to that is to proceed outside its own district."

(Mem. Support Mot. Dismiss Compl. 2.)  Because the Agreement specifies that arbitration is to take place either in Atlanta or in Birmingham,[3] neither of which is located within the Western District of Tennessee, Defendants contend that this Court cannot properly hear Plaintiff's suit.

Under the Federal Arbitration Act ("FAA"), a party to an arbitration agreement may petition a district court for a determination of arbitrability.  9 U.S.C. § 4.  A party may petition "any United States district court which, save for such [arbitration] agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  Id. (emphasis added). Under settled precedent, "the question of arbitrability . . . is undeniably an issue for judicial determination."  AT&T Tech., Inc. v. Comm. Workers of America, 475 U.S. 643, 649 (1986); see also Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241 (1962)("whether or not the company [i]s bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties").

A party may also bring suit to compel arbitration; however, "where the parties have agreed to arbitrate in a particular

---

[3] Neither party contends that this case should be transferred to the Northern District of Alabama.

forum, only a district court in that forum has jurisdiction to compel arbitration pursuant to Section 4 [of the FAA]". <u>Mgmt. Recruiters Int'l, Inc. v. Bloor</u>, 129 F.3d 851, 854 (6th Cir. 1997); <u>see also</u> <u>Inland Bulk Transfer Co. v. Cummins Engine Co.</u>, 332 F.3d 1007, 1018 (6th Cir. 2003)("the Federal Arbitration Act prevents federal courts from compelling arbitration outside of their own district").  The statute provides that where a court "direct[s] the parties to proceed to arbitration," the proceedings "shall be within the district in which the petition for an order directing such arbitration is filed."  9 U.S.C. § 4.

There is some disagreement among the courts of appeals as to whether a court outside the district where arbitration is to occur may determine preliminary matters regarding the arbitration.  The Seventh Circuit has held that section 4 prevents district courts outside the district where arbitration is to take place from either "compelling arbitration [or] reviewing the arbitrability of claims. . . ."  <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer</u>, 49 F.3d 323, 329 (7th Cir. 1995).  In contrast, the Ninth Circuit found in <u>Textile Unlimited, Inc. v. A..BMH and Co., Inc.</u>, 240 F.3d 781 (9th Cir. 2001), that "nothing in the Federal Arbitration Act requires that [plaintiff's] motion to enjoin arbitration be brought in the district where the contract designated the arbitration to occur." <u>Id.</u> at 784.

While the Sixth Circuit has not specifically addressed the jurisdictional limitation encompassed in section 4, it has implicitly held that a district court may determine issues of arbitrability even if it is not located in the district where arbitration is to take place.  For example, in <u>First of Mich. Corp. v. Bramlet</u>, 141 F.3d 260 (6th Cir. 1998), in which the plaintiffs brought suit to enjoin an arbitration proceeding, the Sixth Circuit held that the district court erred in finding that venue was not proper.  <u>Id.</u> at 264.  The court explained that "venue is proper where the underlying transactions and investments took place and is not limited to the forum where the defendants filed a request for arbitration."  <u>Id.</u> (construing 28 U.S.C. § 1391(a)); <u>see also</u> <u>Sec. Serv. Network, Inc. v. Cromwell</u>, 62 F.3d 1418, at *4 (6th Cir. Aug. 1, 1995)(Table)(holding that venue was proper in district where underlying transactions and investments occurred and was not limited to district where party filed arbitration request).  Similarly, in <u>Inland Bulk Transfer Co. v. Cummins Engine Co.</u>, 332 F.3d 1007 (6th Cir. 2003), the court upheld the district court's denial of a motion to compel arbitration because the contract specified that arbitration was to occur in France.  <u>Id.</u> at 1018.  Nonetheless, the court determined that the dispute was in fact arbitrable.  <u>Id.</u> at 1015-18.  In light of these decisions, we find that although only the district court in the Northern District of Georgia has the

8

authority to compel arbitration in this matter under section 4, it is not the only court that has the authority to determine preliminary matters of arbitrability.

Venue is proper in the Western District of Tennessee if this action satisfies the requirements of the general venue statute, 28 U.S.C. § 1391.  This statute provides that venue is proper in a diversity of citizenship case in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(a)(2).  Under Sixth Circuit law, venue is proper under § 1391 in "any forum with a substantial connection to Plaintiff's claim."  First of Mich. Corp., 141 F.3d at 263.  In this instance, Plaintiff is a Tennessee company with its principal place of business in Memphis, Tennessee.  The Agreement refers to and transfers control over leases to property that is apparently located within this district.  (Compl. ¶ 3.5(b).)  All notices, communications, and deliveries relating to the Agreement were sent to Plaintiff in Memphis, Tennessee.  The Court thus finds that because a substantial part of the events giving rise to this action occurred within the Western District of Tennessee, venue is proper in this Court.  Accordingly, Defendants' motion under Fed. R. Civ. P. 12(b)(3) and 12(b)(6) is DENIED.

So ORDERED this 15th day of June, 2006.


/s/ Jon P. McCalla
Judge Jon P. McCalla
U.S. District Judge